

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

August 25, 1947

Hon. L. A. Woods
State Superintendent of Public Instruction
Department of Education
Austin, Texas

Attn: Hon. T. M. Trimble,
   First Assistant

Opinion No. V-360

Re: Interpretation of
term, "original dis-
trict", as used in
Sec. 1 of Art. 1,
H. B. 295, Acts 1947,
50th Leg., R. S.

Dear Sir:

   We refer to your letter of recent date con-
cerning the eligibility of a rural high school district
to State-aid under Section 1 of Article I, H. B. 295,
Acts 1947, 50th Legislature, R. S.

   From your enclosed letter signed by Mr. W. A.
Ross, Superintendent, Mineral Wells Public Schools, and
additional information obtained from the Department of
Education, we are advised that the Mineral Wells Inde-
pendent School District, the Valley View Consolidated
School District and the Union Hill School District are
contemplating the establishment of a rural high school
district under and in accordance with the provisions of
Articles 2922a, 2922b, and 2922c, V.C.S.

   We are further advised that the Mineral Wells
Independent School District, as it presently exists, is
comprised of three original districts formerly known as
the Mineral Wells District, Bunker Hill District and
Griffin District. That the original districts composing
the Valley View Consolidated School District, as it
presently exists, are the Silver Wells District, the
Liberty Hill District and the Stagg Prairie District.
That the Union Hill School District is an existing orig-
inal but dormant district having five scholastics and no
school.

Section 1 of Article I of H. B. 295, insofar as the same is pertinent to the question herein submitted, reads as follows:

"State aid under the provisions of this Act shall be distributed in such a way as to assist . . . consolidated, annexed and/or rural high school districts which have an average of not more than three hundred (300) scholastics of each original district composing the consolidated, annexed and/or rural high school district unit; . . ." (Emphasis ours)

Assuming the contemplated procedure is taken which will legally create the proposed rural high school district containing areas now included within the confines of the Mineral Wells Independent School District, the Valley View Consolidated District and the Union Hill District, you request to be advised what will constitute original districts of the rural high school district so created, as contemplated by the Legislature when it employed the term "original district" in Section 1 of Article I, H. B. 295.

The establishment of rural high school districts is provided for and governed by Articles 2922a and 2922c, V.C.S. The said two Articles have been recently amended by S. B. 341, Acts 1947, 50th Legislature, which statutes as amended will become effective ninety days after June 6, 1947.

Under Article 2922a, both before and after amendment by S. B. 341, the county school trustees are given the authority to form rural high school districts by grouping or annexing contiguous common and/or independent school districts falling within certain designated scholastic population without the necessity of an election being held in the proposed area. If, however, the area proposed to be formed into a rural high school district shall be greater than 100 square miles, or (Art. 2922c) shall contain more than seven elementary school districts, or (Art. 2922c, as amended) shall contain more than ten elementary school districts, then the county school trustees' authority to form a rural high school district of such proportions is dependent upon the outcome of an election required to be held within the districts or area proposed to be composed into a

rural high school district.

Article 2922b, V.C.S., provides in part that:

"All districts, whether common or independent, composing such rural high school district shall be referred to in this Act (Rural High School Act) as elementary school districts."

Article 2922f, V.C.S., forbids the county school board to abolish or consolidate any such elementary school district composing a part of this rural high school district except upon a vote of the majority of the qualified electors residing in such elementary district, or except when any school within an elementary school district fails to have an average daily attendance the preceding year of at least twenty pupils.

In Article 2922a, both before and after the 1947 amendment, there is further recognition that the elementary school districts composing a rural high school district do not cease to have an independent existence when grouped or annexed to form a rural high school district unit.  We quote therefrom in part:

". . . the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary school district composing the rural high school district, and when such district has been abolished, the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtednesses against said rural school district each elementary district shall assume its proportionate part of the debt."  (Emphasis ours)

In determining what is an "original district" as contemplated under Section 1 of Article I of H. B. 295, it should be observed that the Act provides that annexed and/or consolidated school districts (as well as rural high school districts) which have an average of not more than 300 scholastics of each original district composing the annexed and/or consolidated unit are entitled to State aid, other provisions of the Act

being met.

Thus, a common or independent school district which under the provisions of the annexation statutes has annexed to itself other common or independent school districts, would be eligible for State aid under H. B. 295 if, when the total scholastics within the annexed school unit is divided by the number of original school districts composing the unit, there is an average result of not more than 300 scholastics.

Similarly, a consolidated school district which under the provisions of the consolidation statutes has become a consolidated district comprised of two or more original common or independent school districts, would be eligible for State aid under H. B. 295 if, when the total scholastics within the consolidated unit is divided by the number of original school districts composing the consolidation unit, there is an average result of not more than 300 scholastics.

Article 2767f, V.C.S., provides that upon the abolishment of an independent school district created by special or local law out of territory theretofore containing two or more common school districts, said common school districts shall immediately come into existence by operation of law with the same boundaries they had prior to the creation of said independent school district.

Article 2815 (a), V.C.S., provides that consolidated districts may, in the same manner provided in their consolidation, be dissolved and the districts included therein restored to their original status.

We believe that the term "original district", as used in Section 1 of Article I of H. B. 295 refers to and means those school districts which have been annexed to, consolidated with, or grouped or annexed legally to compose an enlarged common or independent school district, or a consolidated school district, or a rural high school district and whose original existence for abolishment purposes is recognized and protected by Articles 2767f, 2815 (a) and 2922a, respectively.

If, under the facts submitted, the proposed rural high school district is consummated, it will be composed of three elementary districts consisting of (1) an original school district, (Union Hill District), (2) a consolidated school district composed of three original

districts (Silver Wells District, Liberty Hill District, Stagg Prairie District), (3) an independent district enlarged by annexation and composed of three original districts (Mineral Wells District, Bunker Hill District, Griffin District). Should, under Article 2922a, the rural high school district be dissolved, the Mineral Wells Independent School District, the Valley View Consolidated School District, and the Union Hill District as they existed at the time they were grouped or annexed to form the rural high school district would automatically revert back to their original status and constitute three separate and distinct districts. Should subsequently thereto, under Articles 2767f and 2815(a), the Mineral Wells Independent School District and the Valley View Consolidated District be dissolved, the six original districts hereinabove named would immediately come into existence by operation of law. Instead of having one rural high school district composed of three elementary districts, there would then be seven school districts reverted to their original status.

In short, "original district," as used in Section 1 of Article I of H. B. 295 should be construed to mean those districts constituting a part of an enlarged common or independent school district, or a consolidated school district, or a rural high school district whose original existence for purpose of abolishment is recognized and preserved in Articles 2676f, 2815(a), and 2922a, V.C.S., respectively.

Under the facts submitted, if the proposed rural high school district is established, the county school trustees will have formed the unit by grouping or annexing the three school districts: Mineral Wells Independent School District, Valley View Consolidated District, Union Hill District. They will be treated and regarded as three elementary school districts composing the rural high school district unit, unless there has been an abolishment or consolidation of any of the elementary districts in accordance with Article 2922f, V.C.S. The elementary districts, however, under the facts submitted are composed of seven original school districts named herein above. Thus, the proposed rural high school district will be composed of seven original districts within the contemplation of Section 1, Article I, of H. B. 295.

## SUMMARY

The term, "original district", as used in Section 1 of Article I of H. B. 295, Acts 1947, 50th Legislature, R. S., the State Equalization Law, means those school districts constituting a part of (1) an enlarged common or independent school district, (2) a consolidated school district, (3) or a rural high school district and whose separate or original existence for purpose of abolishment is recognized and preserved in Articles 2676f, 2815(a), and 2922a, V.C.S., respectively.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mmc;djm

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL